United States District Court
Southern District of Texas
**ENTERED**
March 02, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | MAGISTRATE NO. H-16-254M |
| | § | |
| SEBASTIEN MARQUISE MOORE | § | |

ORDER OF DETENTION PENDING TRIAL

     In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts are established by a preponderance of the evidence or clear and convincing evidence and require the detention of the above-named defendant pending trial in this case.

Findings of Fact

[ ] A. Findings of Fact [18 U.S.C. § 3142(e), § 3142(f)(1)].

  [ ] (1)   The defendant has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

        [ ]   a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

        [ ]   an offense for which the maximum sentence is life imprisonment or death.

        [ ]   an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

        [ ]   a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

  [ ] (2)   The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

  [ ] (3)   A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding 1.

  [ ] (4)   Findings Nos. 1, 2, and 3 establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. I further find that the defendant has not rebutted this presumption.

[X]     B.      Findings of Fact [18 U.S.C. § 3142(e)]

   [ X] (1)     There is probable cause to believe that the defendant has committed an offense

            [ ]     for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C.
                    ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

            [X]     under 18 U.S.C. § 924(c).

   [X] (2)      The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

[X]     C.      Findings of Fact [18 U.S.C. § 3142(f)(2)]

   [X] (1) Defendant is accused of assault in violation of 18 U.S.C. § 2114(c) and brandishing a firearm.

   [X] (2)  There is a serious risk that the defendant will flee.

   [X] (3)  Defendant represents a danger to the community.

   [ ] (4)  There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror, or attempt to do so).

[X]     D.      Findings of Fact [18 U.S.C. § 3142(c)]

   [ ] (1)  As a condition of release of the defendant, bond was set as follows:

   [ ] (2)

   [X] (3)  I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the appearance of the defendant as required.

   [X] (4) I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the safety of any other person or the community.

<u>Written Statement of Reasons for Detention</u>

   I find that the accusations in the criminal complaint, information submitted in the Pretrial Services Agency report, and information at the detention hearing establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and by clear and convincing evidence that no conditions will assure the safety

of the community.

  I conclude that the following factors specified in 18 U.S.C. § 3142(g) are present and are to be taken into account:

1.  Defendant is an 18 year old lifelong resident of Houston. He lives with his mother and two younger siblings. Until recently he was attending Elsik High School. He has never been married and has no children. He was employed at Popeyes for the last 7 months but does not know if he could return after his arrest. He denies having a passport or ever traveling outside the United States.

2.  Defendant's criminal history includes pending charges in state court of burglary of a vehicle, credit/debit card abuse, and aggravated robbery with a deadly weapon (which appears to be related to the instant case). The current offense occurred while he was on bond. He admits regular use of marijuana.

3.  Defendant is charged with assault in violation of 18 U.S.C. § 2114(a). Testimony at his detention hearing indicated that he brandished a firearm during the robbery of a postal carrier, but the firearm has not been recovered. During his interview with pretrial services, he denied ever possessing a firearm. It is unclear where the firearm used in the crime is located or whether defendant has access to it.

4.  Defendant has tenuous ties to the community. It does not appear that his mother could adequately monitor defendant were he released on bail.

5.  There is no condition or combination of conditions of release which would assure the appearance of the defendant in court or the safety of the community. Detention is ordered.

## Directions Regarding Detention

  It is therefore ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

  Signed at Houston, Texas, on February 24, 2016.

                       *Stephen Wm Smith*
                        Stephen Wm Smith
                        United States Magistrate Judge